Filed 11/28/23  P. v. Osorio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUBEN EMILIO OSORIO,<br><br>    Defendant and Appellant. | E080302<br><br>(Super.Ct.No. FSB038791)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Dismissed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On June 7, 2004, a jury found defendant and appellant Ruben Emilio Osorio guilty of attempted willful, deliberate, premeditated attempted murder (Pen. Code,[1] §§ 664,

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

*[footnote continued on next page]*

1

187, count 1); carjacking (Pen. Code, § 215, subd. (a), count 2); possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1), count 3); unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 4); and misdemeanor resisting a police officer (Pen. Code, § 148, subd. (a)(1), count 5). The jury additionally found true allegations that defendant personally discharged a firearm causing great bodily injury in counts 1 and 2 (Pen. Code, § 12022.53, subds. (d), (e)(1)); personally discharged a firearm in counts 1 and 2 (Pen. Code, § 12022.53, subd. (c)); personally used a firearm in counts 1 and 2 (Pen. Code, § 12022.53, subds. (b), (e)); and carried a firearm in count 4 (Pen. Code, § 12022, subd. (a)(1)). The jury further found true gang enhancements for serious and violent felonies in counts 1 and 2 (Pen. Code, § 186.22, subd. (b)(4)) and gang enhancements on all four felony counts (Pen. Code, § 186.22, subd. (b)(1)). The court sentenced defendant to an indeterminate term of imprisonment of 86 years to life.[2] (*Osorio I*, *supra*, E036373; *Osorio II*, *supra*, E042066.)

---

[2] On our own motion, we take judicial notice of this court's prior opinions from defendant's appeals from the original judgment (*People v. Osorio* (Dec. 19, 2005, E036373) [nonpub. opn.] (*Osorio I*)), and from his resentencing upon remand by this court (*People v. Osorio* (Nov. 28, 2007, E042066) [nonpub. opn.]) (*Osorio II*)). (Evid. Code, § 459, subd. (a).) The People attached *Osorio I* to their opposition to defendant's petition and requested that the court take judicial notice of it. Both opinions are also attached to the superior court's statement in response to this court's opinion in *Osorio II*, which the court filed on February 15, 2023. After this court reversed and remanded the matter *twice* for resentencing, the court resentenced defendant to an indeterminate term of imprisonment of 69 years to life.

On April 21, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95,[3] which the court denied.

After defense counsel filed a notice of appeal, this court appointed counsel to represent him. On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and raising three potentially arguable issues: (1) whether the court engaged in impermissible factfinding at the prima facie stage; (2) whether defense counsel below provided prejudicial ineffective assistance of counsel by submitting on the matter without filing a brief; and (3) whether the defendant was eligible for relief under section 1172.6.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

---

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

4